UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YVONNE BARNES,

    Plaintiff,

v.                                                                                                     CASE No. 8:10-CV-738-T-23TGW

COMMISSIONER OF THE
FLORIDA DEPT OF INSURANCE,

    Defendant.
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. 2). The plaintiff alleges that her civil rights were violated when she was wrongfully arrested for uttering a forged instrument after the State Attorney had declined to file criminal charges on that matter (Doc. 1).[1] Because the complaint fails to state a claim upon which relief may be granted, I recommend that the plaintiff's complaint be dismissed.

---

[1] Based on the case caption and the plaintiff's allegations, the complaint is construed as alleging a claim against the Commissioner in his official capacity.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee, and a statement of the nature of the action which shows that she is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Although the plaintiff's affidavit satisfies the indigency requirement, she has not stated a cognizable claim. The plaintiff alleges that she was wrongfully arrested, and her civil rights violated, when some unidentified entity failed to void a warrant for her arrest on a forgery charge which had been dropped by the State Attorney (Doc. 1). The plaintiff, however, fails to identify the basis for finding the Commissioner of the Florida Department of Insurance liable for this alleged wrongful conduct.

Further, she has failed to show that she may assert a §1983 claim against the defendant. Thus, the Supreme Court holds that "[s]ection 1983 ... does not provide a federal forum for litigants who seek a remedy against a State [or arm of the State] for alleged deprivations of civil liberties" because

"a State is not a 'person' within the meaning of §1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 65, 66 (1989). The Supreme Court explained that §1983 is construed in this manner because the Eleventh Amendment bars these lawsuits unless the State waives its immunity or Congress overrides that immunity, id. at 66, neither of which exception applies here. Thus, Congress did not express any intention to disturb the states' Eleventh Amendment immunity in enacting §1983. Id. Further, Florida has not waived its immunity from suit in §1983 actions. Gamble v. Florida Dep't of Health and Rehabilitative Services, 779 F.2d 1509 (11th Cir. 1986).[2]

Therefore, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the

---

[2]Additionally, under the doctrine of Ex parte Young, 209 U.S. 123 (1908), there is an exception to Eleventh Amendment immunity for suits against state officers seeking prospective equitable relief to end continuing violations of federal law. Florida Ass'n of Rehabilitation Facilities, Inc. v. State of Florida Dep't of Health and Rehabilitative Services, 225 F.3d 1208, 1219 (11th Cir. 2000). The plaintiff seeks injunctive relief in the form of an order to the defendant "to take necessary steps" to remove warrants from the system "expertly" (Doc. 1, p. 2). Among other deficiencies, it appears that this issue is moot as to the plaintiff, and the complaint does not otherwise adequately allege an ongoing violation of federal law. See Florida Ass'n of Rehabilitation Facilities, Inc. v. State of Florida Dep't of Health and Rehabilitative Services, supra, 225 F.3d at 1219. Therefore, the plaintiff has failed to show the Ex parte Young doctrine would apply here.

plaintiff's complaint fails to state a claim on which relief may be granted. Accordingly, the complaint should be dismissed. 28 U.S.C. 1915(e)(2)(B)(ii); Thompson v. Adamson, 247 Fed. Appx. 178, 179 (11th Cir. 2007)(unpub. dec.)(citing Neitzke v. Williams, 490 U.S. 319, 324-25(1989)(federal courts have discretion to dismiss pro se complaints if they lack an arguable basis in fact or in law)).

Respectfully submitted,

*[signature]*

THOMAS G. WILSON
DATED: APRIL 2, 2010   UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).